# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs November 14, 2013

## JONATHAN WESLEY STEPHENSON v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davison County**
**No. 4586     Seth Norman, Judge**

---

**No. M2013-00720-CCA-R3-HC - Filed December 19, 2013**

---

The petitioner, Jonathan Wesley Stephenson, appeals the dismissal of his habeas corpus petition challenging the legality of his sentence and conviction for conspiracy to commit first degree murder. After a thorough review of the record, we conclude that the petition was properly dismissed for failure to abide by the procedural requirements of Tennessee Code Annotated section 29-21-107(b)(4), and we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which THOMAS T. WOODALL and CAMILLE R. MCMULLEN, JJ., joined.

Jonathan Wesley Stephenson, Nashville, Tennessee, *pro se.*

Robert E. Cooper, Jr., Attorney General & Reporter; Deshea Dulany Faughn, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Dan Hamm, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTUAL AND PROCEDURAL HISTORY

The petitioner was convicted, after a 1990 jury trial, of first degree (premeditated) murder and conspiracy to commit first degree murder and has since been engaged, sometimes with more vigor than foresight, in litigating the legality of his confinement. The proof at trial tended to show that, after unsuccessfully soliciting two individuals to kill his wife, Lisa Stephenson, the mother of his four-year-old and eight-month-old children, the petitioner

arranged for Ralph Thompson to shoot her with a rifle. *State v. Stephenson*, 878 S.W.2d 530, 535-37 (Tenn. 1994) *abrogated on other grounds by State v. Saylor*, 117 S.W.3d 239 (Tenn. 2003).

The jury convicted the petitioner of both first degree murder and conspiracy to commit first degree murder. *Id.* at 537. At the sentencing proceedings, the jury imposed the death penalty for the first degree murder conviction, and the trial court sentenced him to serve a consecutive twenty-five years for the conspiracy to commit first degree murder. *Id.* at 534; On appeal, his convictions were affirmed. *Id.* at 557. The case, however, was remanded for resentencing. *Id.* at 556-57. The petitioner's death sentence was reversed because the jury had not been instructed that it must find the aggravating factors outweighed the mitigating factors beyond a reasonable doubt. *Id.* at 553-56. The case was also remanded for resentencing on the conviction for conspiracy to commit first degree murder, "to allow the trial court judge an opportunity to make explicit findings on the record with regard to how the sentencing principles of the 1989 Act relate to the facts in this case." *Id.* at 556-57.

On remand, the petitioner was able to come to an agreement with the prosecution in which he received a sentence of life without parole for the first degree murder conviction and a consecutive sentence of sixty years for the conspiracy to commit first degree murder conviction. *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000); *Stephenson v. Bell*, No. M2011-01562-CCA-R3-HC, 2012 WL 2356586, at *1 (Tenn. Crim. App. June 20, 2012). As part of the agreement, the petitioner also entered guilty pleas to the two offenses for which he stood convicted by a jury. *Stephenson*, 2012 WL 2356586, at *1. The obvious benefit to the petitioner was that he no longer ran the risk that a jury would sentence him to death. Snatching defeat from the jaws of victory, however, the petitioner, in 1998 (four years after the plea agreement), filed a successful petition for the writ of habeas corpus, challenging his sentence of life without parole for the murder conviction.[1] *Stephenson*, 28 S.W.3d at 911. The Tennessee Supreme Court, reversing the judgment of the Court of Criminal Appeals and trial court, concluded that the only statutorily authorized punishments for first degree murder at the time of the petitioner's crime were life imprisonment with the possibility of parole or, alternatively, death. *Id.* at 912. While the Court held that the life without parole sentence was illegal and void, it noted that its ruling did not affect the sixty-year sentence for the conspiracy to commit first degree murder conviction. *Id.* at 911, 912 n.3. The Court explicitly determined that the conspiracy conviction had been remanded for resentencing on direct appeal and that "the sentence imposed for the conspiracy was not void or illegal." *Id.* at 912 n.3.

---

[1] The petitioner had also prior to that time filed a petition for post-conviction relief, which he voluntarily dismissed. *Stephenson v. Carlton*, No. 03C01-9807-CR-00255, 1999 WL 318835, at *1 (Tenn. Crim. App. May 19, 1999).

A jury once again sentenced the petitioner to death. *State v. Stephenson*, 195 S.W.3d 574, 582 (Tenn. 2006). The judgment indicated that the sixty-year sentence for the conspiracy to commit first degree murder was to run consecutively to the death sentence. *Id.* at 585, n.4. This time, the death penalty was upheld on appeal. *Id.* at 596. The Tennessee Supreme Court noted that the petitioner also sought to invalidate his sixty-year sentence for the conspiracy to commit murder on the basis that, essentially, the agreed-to sentences were intertwined and "nullification of the sentence of life without parole necessarily negated the agreement regarding the conspiracy sentence." *Id.* at 596 n.16. The Court held:

> Whatever merit this argument has was waived by his failure to file a petition to rehear in *Stephenson v. Carlton* challenging this Court's statement in footnote three of that opinion that invalidation of the sentence of life without parole did not affect the sixty-year sentence imposed for the conspiracy conviction. The defendant further asserts that because the trial court on remand in 1994 "forced him to change his plea and enter a Guilty Plea, it negated and took the place of any prior finding of Guilt by a Cocke County Jury, therefore leaving him without a conviction of any kind." Because this argument was not raised in the Court of Criminal Appeals, it is waived.

*Id.*

In 2004, the petitioner filed another habeas corpus petition, asserting that the court which sentenced him to death lacked jurisdiction because the case was not properly transferred to it; that his jury conviction was nullified by his guilty plea; and that he should have been permitted to withdraw his guilty plea. *Stephenson v. Bell*, 2012 WL 2356586, at *2. The petitioner voluntarily withdrew this petition, but the trial court subsequently dismissed it. The petitioner filed no appeal.

The petitioner then brought a third petition for the writ of habeas corpus in 2010, asserting that his conviction for first degree murder was void because the guilty plea he entered as part of the agreement sentencing him to life without parole had nullified his prior jury conviction and because that guilty plea was then overturned in the habeas corpus case which determined that the sentence of life without parole was illegal. *Stephenson*, 2012 WL 2356586, at *1. He also argued that the State violated the plea agreement by seeking the death penalty after his successful habeas corpus action. *Id.* This Court concluded that, as the original remand was for resentencing only, "the trial court lacked the authority to alter the status of the Petitioner's conviction, and, accordingly, the guilty plea had no legal effect on the underlying jury conviction." *Id.* at *4. Thus, "the 1994 sentencing hearing solely

-3-

served to facilitate the agreement between the Petitioner and the State as to the Petitioner's sentence." *Id.* Citing *Smith v. Lewis*, in which the Tennessee Supreme Court discussed the instant petitioner's cases and resentencing, this Court determined that the petitioner's convictions were not the product of the plea bargain; instead, the plea agreements concerned only the sentences imposed. *Id.* at *4-5 (citing *Smith v. Lewis*, 202 S.W.3d 124, 130 (Tenn. 2006)). Concluding that the petitioner had waived his argument that the State was barred from taking an inconsistent position with respect to his resentencing, this Court affirmed the dismissal of the petition. *Id.* at *6.

On December 12, 2012, the petitioner filed the current petition. He does not challenge his death sentence or conviction for first degree murder; instead, he asserts that his conviction and sentence for conspiracy to commit first degree murder are void. The petitioner bases this conclusion on the assertion that the trial court lacked jurisdiction to accept his guilty plea in 1994, nullifying, according to the petitioner, both the plea and sixty-year sentence. Alternatively, he argues that his conspiracy sentence is void because the illegality of the agreed-to 1994 sentence of life without parole for his first degree murder conviction caused a breach of the plea agreement.

## ANALYSIS

The granting or denial of a petition for the writ of habeas corpus is a question of law reviewed de novo with no presumption of correctness. *Edwards v. State*, 269 S.W.3d 915, 919 (Tenn. 2008). The petitioner bears the burden of showing by a preponderance of the evidence that the sentence is void or confinement illegal. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees that "the privilege of the writ of Habeas Corpus shall not be suspended, unless when in case of rebellion or invasion, the General Assembly shall declare the public safety requires it." Tenn. Const. art. I, § 15. The writ, guaranteed constitutionally, is regulated statutorily. The grounds upon which the writ will be granted in Tennessee are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999).

Habeas corpus relief is only available when "'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered,' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting *State v. Galloway*, 45 Tenn. (5 Cold.) 326, 336-37 (1868)). In other words, a habeas corpus petition will only be successful where the judgment challenged is void and not merely voidable. *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007). "A

voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity," whereas "[a] void judgment is one that is facially invalid because the court did not have the statutory authority to render such judgment." *Id.* at 256 (citations omitted). In deciding whether a judgment is void, the question "is always one of jurisdiction, that is, whether the order, judgment or process under attack comes within the lawful authority of the court or judge rendering or issuing it." *Edwards*, 269 S.W.3d at 920 (quoting *State ex rel. Anglin v. Mitchell*, 575 S.W.2d 284, 287 (Tenn. 1979) *overruled on other grounds by Archer*, 851 S.W.2d at 162-64). A sentence which is void is void upon entry, and "[t]he illegality does not 'spring into being' at some future point in time." *Hoover v. State*, 215 S.W.3d 776, 779 (Tenn. 2007).

Statute dictates the form which the petition shall take. *See* T.C.A. § 29-21-107. Among other requirements, the petition must state "[t]hat it is the first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do." T.C.A. § 29-21-107(b)(4). The statutory procedural requirements are mandatory and must be "followed scrupulously." *Summers*, 212 S.W.3d at 259 (quoting *Archer*, 851 S.W.2d at 165). "A trial court properly may choose to summarily dismiss a petition for failing to comply with the statutory procedural requirements." *Id.* at 260. Dismissal is proper unless it is shown from evidence heard that the claimant is illegally restrained and entitled to *sua sponte* relief. *Cox v. State*, 53 S.W.3d 287, 293 (Tenn. Crim. App. 2001) *overruled on other grounds by Moody v. State*, 160 S.W.3d 512, 515-16 (Tenn. 2005).

The State asserts that the petition was properly dismissed for failure to follow the procedural mandates of Tennessee Code Annotated section 29-21-107(b)(4) in that the petitioner did not provide copies of any of his three previous petitions. The petitions are not part of the record, and the record is mute as to the reason for their absence; moreover, the 2004 petition was apparently the subject of conflicting orders from the habeas corpus court, which both granted the petitioner's motion to withdraw the petition and dismissed the case on the merits. *Stephenson*, 2012 WL 2356586, at *3. Without the prior petitions, this Court may lack a proper record for determination of whether the issues currently pressed by the petitioner have been previously determined or waived.

Accordingly, we conclude that the petition was properly dismissed for failure to follow the statutory procedural requirements. However, we note that, even with the imperfect record before us, it is clear that all of the petitioner's claims are either waived or have been previously determined.

First, the petitioner challenges the sixty-year sentence on the basis that the trial court lacked jurisdiction to accept his guilty plea. The petitioner mistakenly contends that this

voids both the plea of guilt and the sentence. However, this Court has previously held that the trial court had jurisdiction to sentence the petitioner in 1994 even if his guilty pleas were without legal effect. *Stephenson*, 2012 WL 2356586, at *4. Moreover, the validity of the sentence for conspiracy to commit first degree murder has been previously determined through the course of the petitioner's prior cases. In *Stephenson v. Bell*, we determined that "the Petitioner's convictions were not the result of the 1994 guilty plea but the 1990 jury verdicts." *Stephenson*, 2012 WL 2356586, at *5. This Court explained that "because the Tennessee Supreme Court affirmed the Petitioner's 1990 jury convictions, the trial court, upon remand, was limited solely to resentencing the Petitioner based on his jury convictions." *Id.* at *4. Accordingly, the petitioner's guilty plea had no legal effect on the underlying jury conviction. *Stephenson*, 2012 WL 2356586, at *4. Moreover, the Tennessee Supreme Court held that "the sentence imposed for the conspiracy was not void or illegal." *Stephenson*, 28 S.W.3d at 912 n.3. The trial court, while it did not have jurisdiction to accept a guilty plea, did – as we have previously determined – have jurisdiction to sentence the petitioner for his 1990 jury convictions, and his sentence is not voided by a guilty plea which had no legal effect. *Id.*

Next, the petitioner asserts that his guilty plea and sixty-year sentence are void because his sentence of life without parole, which was part of the same plea agreement, was ultimately overturned.[2] This argument is essentially a restatement of the challenge the petitioner previously raised in the direct appeal of his second death sentence, which was rejected in 2006. There, the petitioner asserted that "nullification of the sentence of life without parole necessarily negated the agreement regarding the conspiracy sentence." *Stephenson*, 195 S.W.3d at 596 n.16. The Tennessee Supreme Court declined relief, noting that, "[w]hatever merit this argument has was waived by his failure to file a petition to rehear in *Stephenson v. Carlton* challenging this Court's statement in footnote three of that opinion that invalidation of the sentence of life without parole did not affect the sixty-year sentence

---

[2]The petitioner's argument that the illegality of the life without parole sentence invalidated the contemporaneously agreed-to conspiracy sentence is alternatively phrased as an assertion that the plea agreement was breached. However, in addition to the fact that the validity of the sentence has been previously determined, a claim based on a breached plea agreement is not a claim which would entitle him to the writ of habeas corpus. *See McKinnie v. Easterling*, No. W2008-02263-CCA-R3-HC, 2009 WL 1362364, at *2 (Tenn. Crim. App. May 15, 2009) ("Regardless, the petitioner's allegations that his plea bargain agreement was breached does not entitle him to habeas corpus relief , as there is nothing on the face of the judgment or the record of the underlying proceedings to show that the convicting court was without jurisdiction or authority to sentence him or that his term of imprisonment has expired."); *Lowdermilk v. State*, No. E2007-00872-CCA-R3-HC, 2008 WL 104156, at *3 (Tenn. Crim. App. Jan. 10, 2008); *Smith v. Lindamood*, No. M2003-01872-CCA-R3-HC, 2004 WL 1533827, at *3 (Tenn. Crim. App. July 7, 2004) (citing cases for the proposition that a claim that a plea agreement was not honored in the judgment entered or sentence imposed "presents at most a claim of a merely voidable, and not void, judgment or sentence").

imposed for the conspiracy conviction." *Id*. Accordingly, the validity of his agreed-to sixty-year sentence in the face of the illegality of the concurrently negotiated life without parole sentence has been adjudicated twice: once when the Tennessee Supreme Court granted his habeas corpus petition regarding his sentence of life without parole, and once when he brought a direct appeal of his second death sentence. *Stephenson*, 28 S.W.3d at 912 n.3 ("This ruling does not affect Stephenson's separate conviction and 60-year sentence for the offense of conspiracy to commit first-degree murder....[T]he sentence imposed for the conspiracy was not void or illegal."); *Stephenson*, 195 S.W.3d at 596 n.16 (concluding the issue was waived by failure to challenge footnote three in *Stephenson v. Carlton*). The validity of his original jury conviction, of course, stands in any case unaffected.

The petitioner finally claims that he is entitled to habeas corpus relief because the guilty plea he entered after his conviction violated the prohibitions against double jeopardy. The State, however, contends that this issue is waived, as the petitioner did not raise it in the habeas corpus court. The petition for relief did not include any allegations of a violation of the prohibitions against double jeopardy. Issues raised for the first time on appeal are ordinarily considered waived. *State v. Alvarado*, 961 S.W.2d 136, 153 (Tenn. Crim. App. 1996); *see* Tenn. R. App. P. 36(a) ("Nothing in this rule shall be construed as requiring relief be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error."). We conclude that the petitioner has waived this issue, which, moreover, is not a proper ground for habeas corpus relief. *Thurmond v. Sexton*, No. E2010-02256-CCA-R3-HC, 2011 WL 6016890, at *4 (Tenn. Crim. App. Dec. 5, 2011) ("It is well-established that double jeopardy claims are not cognizable claims for habeas corpus relief.").

## CONCLUSION

Based on the foregoing, we discern no error in the dismissal of the petition for the writ of habeas corpus, and we affirm the judgment of the habeas corpus court.

_____
JOHN EVERETT WILLIAMS, JUDGE